THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **VINCENT M.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**FRANK BISIGNANO,[1]**<br>**Commissioner of Social Security,**<br><br>      **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br><br>**Case No. 2:25-cv-00141-JCB**<br><br><br><br>**Magistrate Judge Jared C. Bennett** |

**PROCEDURAL BACKGROUND[2]**

Plaintiff Vincent M. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act[3] in July 2020.[4] Plaintiff's claim was denied initially[5] and upon reconsideration.[6] On September 26, 2023, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on January 5, 2024, denying Plaintiff's

---

[1] Frank Bisignano is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted as the Defendant in this case. ECF No. 9.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 6.

[3] 42 U.S.C. §§ 401-434.

[4] ECF No. 7, Administrative Record ("AR ___") 227-28.

[5] AR 128-37.

[6] AR 138-49.

[7] AR 46-76.

claim.[8] Plaintiff appealed the adverse ruling, and, on January 30, 2025, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] Plaintiff then filed suit in this court seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

---

[8] AR 19-43.

[9] AR 1-7.

[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[11] ECF No. 1.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (citation modified).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and

---

[17] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[20] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

[22] 20 C.F.R. § 404.1520(a)(4), (e).

continuing basis despite limitations from his impairments.[23] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe. [24]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[25] "If the claimant is able to perform his previous work, he is not disabled."[26] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[31]

---

[23] *Id.* § 404.1545(a)(1), (b)-(c).

[24] *Id.* § 404.1545(a)(2).

[25] *Id.* § 404.1520(a)(4)(iv).

[26] *Williams*, 844 F.2d at 751.

[27] *Id.*

[28] *Id.*

[29] *Id.* (citation modified); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[30] 20 C.F.R. § 404.1520(a)(4)(v).

[31] *Id.*

#### ANALYSIS

Of the several reasons the ALJ provided in his step-two finding that Plaintiff's mental conditions were "nonsevere,"[32] three were undisputedly wrong. First, the ALJ stated that Plaintiff's medical history for mental health showed a "lack of treatment."[33] The record clearly shows otherwise.[34] Second, related to treatment, the ALJ found that Plaintiff "did not take any psychotropic medications."[35] Although one medical record on January 23, 2019, states that Plaintiff was not using any "psychotropic drugs" at that time,[36] several other records clearly show that Plaintiff had been prescribed psychotropic drugs such as trazadone.[37] Finally, the ALJ's nonseverity finding relied on Plaintiff's "lack of subjective complaints"[38] despite several medical records documenting Plaintiff's complaints that he was severely depressed.[39]

Although the ALJ's decision contains these factual errors, they are harmless. Harmless error applies in the context of judicial review of Social Security cases.[40] Even if the court assumes that the ALJ erred in his step-two finding, any such error is harmless because the ALJ determined that Plaintiff had severe impairments, concluded that Plaintiff could not be denied

---

[32] AR 25.

[33] AR 25.

[34] *See, e.g.*, AR 495-98, 930-68, 1021-29, 1037-43.

[35] AR 26.

[36] AR 434.

[37] *See, e.g.*, AR 476-77, 860, 966, 1081.

[38] AR 25.

[39] *See, e.g.*, AR 133, 145.

[40] *See, e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing the applicability of harmless error in Social Security cases).

benefits at step two, and proceeded to step three. "[A]t step two, the ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to survive step two."[41] The United States Court of Appeals for the Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant cannot] be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence."[42] That is precisely what the ALJ did here.

As further evidence that the ALJ's factual errors were harmless in his disability determination, the court reviews his analysis at steps four and five. Where, as here, the ALJ makes a finding of a nonsevere mental impairment at step two, the reviewing court considers whether the ALJ's step-four analysis: (1) recognizes that a separate mental assessment is required at step four; (2) discusses the medical opinion evidence related to Plaintiff's mental impairments; and (3) does not make any statement indicating that the ALJ was using the step-two analysis as a substitute for an adequate RFC analysis.[43]

Here, the ALJ recognized that the mental assessment for an RFC is separate from step two's mental assessment,[44] discussed the medical evidence specific to Plaintiff's mental health,[45]

---

[41] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (citation modified).

[42] *Id.*; *see also Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

[43] *Suttles v. Colvin*, 543 F. App'x 824, 825-26 (10th Cir. 2013).

[44] AR 27.

[45] AR 29-35.

and concluded that Plaintiff's RFC does not support mental limitations.[46] Specifically, the ALJ found persuasive "the opinions of the state agency psychological consultants that evaluated [Plaintiff]'s mental impairments."[47] The ALJ recognized that the opinions of the state agency psychological consultants were "based upon a thorough review the medical record as a whole."[48] In fact, these state agency psychological consultants explain in their respective reports that Plaintiff obtained mental-health treatment, including medication, and complained about severe depression to his medical providers.[49] Despite acknowledging all the facts that the ALJ missed, both consultants concluded that Plaintiff's mental health impairments were nonsevere.[50] This information in the consultants' reports is important because the ALJ was clearly aware of it—even the parts that contradict his statements at step two—and relied upon that information to reach the conclusion that no mental-health conditions should be placed in Plaintiff's RFC. Consequently, the ALJ did not place any mental-health limitations in Plaintiffs' RFC. And with the RFC that the ALJ formulated, the ALJ concluded that there were enough jobs in the national economy that Plaintiff could perform to preclude a finding of disability.[51] Plaintiff does not

---

[46] AR 34.

[47] *Id*.

[48] *Id*.

[49] AR 131-33 (discussing Plaintiff's mental health therapy and medications); AR 145 (discussing Plaintiff's self-reported severe depression to medical providers and Plaintiff seeing a therapist who supported disability for depression and anxiety).

[50] AR 132 ("The evidence does not show a severe psychiatric impairment, nor does [Plaintiff] appear to be claiming disability due to a psychiatric condition . . . ."); AR 145 ("I agree with the initial [state agency psychological consultant's report], assessing no functional limitations based on [Plaintiff's] mental condition.").

[51] AR 35-36.

challenge that finding. Therefore, the factual errors in the ALJ's step-two analysis are harmless given his analysis of mental impairments at step four, which show by substantial evidence that Plaintiff is not disabled.[52]

**ORDER**

For the reasons stated above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED

DATED this 13th day of November 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[52] Plaintiff's opening brief also contends that the ALJ "mischaracterized" certain record evidence. ECF No. 8 at 13-14. The court has reviewed each one of these purported mischaracterizations and determines that they have adequate record support under the substantial-evidence standard. Plaintiff's desire for a more nuanced description of Plaintiff's limitations is insufficient to show a want of substantial evidence here.